Date signed March 28, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ISOQUANTICS, INC. | : | Case No. 04-21007PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

Before the court is the First and Final Application for Approval of Compensation of Trustee's Counsel for the Period from June 11, 2004, through August, 2006 ("Application"). The matter came on for hearing on March 27, 2007, and the court heard the Trustee's argument, together with the objection to the Application filed by the Debtor, Isoquantics, Inc., and its principal, Patrick Burns. The court notes from Debtor's schedules that all corporate assets are subject to a lien of the Community Bank of Tri-County of Waldorf, Maryland ("Tri-County").

In reviewing the Application, the court will not become involved with the issue of the source of the funds for the payment of any fee allowed counsel. One consideration, of course, is that all corporate assets appear to be subject to the lien securing Tri-County. The Debtor, the corporate charter of which has been forfeited according to the records of the Department of Assessments and Taxation of the State of Maryland, has a unique problem because of that situation. Under Md. Code Ann. Corps. & Ass'ns. § 3-516(c)(4) (2003), the former directors of the corporation, here presumably including Mr. Burns, become trustees for the benefit of the creditors of the corporation. This creates a double trustee situation that likewise the court need not be involved with at this point.

As noted at the hearing, while other matters will be decided in due course, the court is

faced with the present issue of allowing compensation for the Trustee's counsel. In reviewing the Application, the court finds on the Application various entries that the court believes are more properly allocable to the Trustee and not counsel, such as the entries for June 4, 2004, July 21, 2004, and August 6, 2004. The court will therefore allow final compensation to the Trustee's counsel in the sum of $15,000.00, and reimbursement of out-of-pocket expenses of $431.68.

An appropriate order will be entered.

cc:
Janet M. Nesse, Esq., 1150 18th Street, N.W., Suite 800, Washington, DC 20036
Linda D. Regenhardt, Esq., 8500 Leesburg Pike, Suite 7000, Vienna, VA 22182
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD 20770

**End of Memorandum**